UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-cr-120 (MJD)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) **PLEA AGREEMENT AND** |
| | ) **SENTENCING STIPULATIONS** |
| v. | ) |
| MICHAEL PAUL DAHLAGER, | ) |
| Defendant. | ) |

The United States of America and Michael Paul Dahlager (hereinafter referred to as the "defendant") agree to resolve this case on the following terms and conditions. This Plea Agreement binds only the defendant and the U.S. Attorney's Office for the District of Minnesota. This Plea Agreement does not bind any other U.S. Attorney's Office or any other local, state or federal agency.

    1.    **Charges**. The defendant agrees to plead guilty to Count 1 of the Information. Count 1 charges the defendant with Possession of a Machine Gun in violation of 18 U.S.C. § 922(o).

    2.    **Factual Basis**. The United States and the defendant agree on the following factual basis for the plea:

    a.    That at the time of the offense described in the Information, the defendant was a member of the "Boogaloo Bois," a group of individuals espousing violent anti-government sentiments.

    b.    That on or about February 3, 2021, the defendant willfully and knowingly possessed and transferred two "drop-in auto sears" to a Confidential Human Source (CHS) employed by the Federal Bureau of Investigation (FBI). The Defendant admits that he

2

knew the auto sears were designed to convert a standard AR-15 semi-automatic rifle into a fully-automatic machine gun. The defendant stipulates and agrees that the drop-in auto sears he transferred to the CHS meet the definition of a "machinegun" under 18 U.S.C. § 921(a)(23) and 26 U.S.C. § 5845(a). The Defendant agrees that this conduct constitutes a violation of 18 U.S.C. § 922(o).

    c.    For the purposes of relevant conduct at sentencing, the Defendant admits that on April 7, 2021 he possessed six additional drop-in auto sears as well as a silencer. The Defendant agrees that these additional devices each meet the definition of a "firearm" under 26 U.S.C. § 5845(a).

    3.    **Waiver of Pretrial Motions.** The defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this Plea Agreement and based upon the concessions of the United States within this Plea Agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case.

    4.    **Statutory Penalties**. The parties agree and the defendant understands that Count 1 of the Information carries the following statutory maximum penalties:

        a.    a term of imprisonment of ten (10) years;

        b.    a fine of up to $250,000;

        c.    a supervised release term of three (3) years; and

        d.    a mandatory special assessment of $100.

    5.    **Revocation of Supervised Release**. The defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional

3

term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

6. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this Plea Agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the U.S. Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a. Base Offense Level. The parties agree that the base offense level is 18. U.S.S.G. §2K2.1(a)(5)(the offense involved a firearm described in 26 U.S.C. § 5845(a)).

    b. Specific Offense Characteristics. The parties agree that no specific offense characteristics apply.

    c. Acceptance of Responsibility. The Government agrees to recommend that the defendant receive a three (3) level reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, the defendant understands and agrees that this recommendation is conditioned upon the following: (i) the defendant testifies truthfully during the change of plea and sentencing hearings, (ii) the defendant cooperates with the Probation Office in the pre-sentence investigation, and (iii) the defendant commits no further acts inconsistent with acceptance of responsibility. U.S.S.G. §3E1.1.

    c. Criminal History Category. The parties agree that the criminal history category for the defendant is category I.

    d. Guidelines Range. The parties agree that with an adjusted offense level 15 (18 – 3 = 15), and a criminal history category I, the applicable Sentencing Guidelines range of imprisonment is **18-24 months**.

4

    e.    <u>Fine Range</u>.  If the adjusted offense level is 15, the applicable fine range is $7,500 to $75,000. U.S.S.G. § 5E1.2(c)(3).

    f.    <u>Supervised Release</u>.  The Sentencing Guidelines specify that if a term of supervised release is ordered, the Court is required to impose a term of supervised release of at least one year, but not more than three years. U.S.S.G. § 5D1.2(a)(2).

    g.    <u>Sentencing Recommendation and Departures</u>. The defendant reserves the right to make a motion for a departure or variance from the applicable Guidelines range of imprisonment. The defendant reserves the right to argue for a sentence outside the applicable Guidelines range. The government will recommend a guidelines sentence.

7.    **Discretion of the Court**:  The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable Guidelines calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

8.    **Special Assessment**.  The Sentencing Guidelines require payment of a special assessment in the amount of $100 for each felony count of conviction. U.S.S.G. § 5E1.3. The $100 special assessment is due and payable at or before sentencing.

5

9. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.15.

10. **Forfeiture**. The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the following firearms and associated accessories and ammunition: all auto sears, suppressors, firearms and ammunition seized during the investigation, to include auto sears, suppressors, firearms and ammunition seized on February 3 and April 7 of 2021.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms, ammunition and accessories.

11. **Additional Consequences.** The defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6

12. **Complete Agreement**.  This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, or understandings.

Dated: July 14, 2021

W. ANDERS FOLK
Acting United States Attorney

*[signature]*

BY ANDREW R. WINTER
Assistant U.S. Attorney
Attorney ID No. 0232531

Dated: July 14, 2021

*[signature]*

MICHAEL PAUL DAHLAGER
Defendant

Dated: July 14, 2021

*[signature]*

ROBERT RICHMAN
Counsel for Defendant